IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. BEAIRD and
SARA BEAIRD,

                                                               ORDER

                        Plaintiffs,

                                               11-cv-252-bbc

    v.

U.S. XPRESS, INC. and
NANCY A. HILL,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case is before the court on defendants' motion for a change of venue. The motion is fully briefed, but one technicality prevents resolution of the motion: the parties have not shown that this court has jurisdiction over the case. Plaintiffs rely on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires a showing that the parties are citizens of different states.

In their complaint, plaintiffs allege that they are "residents" of Illinois and that defendant Nancy A. Hill is a resident of Michigan. Dkt. #1, ¶¶ 1-8. However, the Court of Appeals for the Seventh Circuit has stated repeatedly that allegations regarding "residency" are not enough. Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with,

as we repeatedly have reminded litigants and district judges."); Meyerson v. Harrah's East Chicago Casino, 299 F .3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). The proponent of jurisdiction must show where each individual is domiciled, that is, where he or she intends to live for the foreseeable future. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Residency and domicile may be the same for most individuals, but this court is obligated by circuit precedent to obtain more specific information. Plaintiffs properly alleged defendant U.S. Xpress's state of incorporation (Nevada) and its principal place of business (Tennessee), so plaintiffs need not supply any further information regarding this defendant's citizenship at this time.

However, plaintiffs will have to provide more information to the court or face dismissal of their suit. I will give them one week in which to advise the court of their citizenship and that of defendant Nancy A. Hill.

ORDER

IT IS ORDERED that plaintiffs David N. Beaird and Sara Beaird may have until October 5, 2011, in which to provide the court evidence of their citizenship and the

citizenship of defendant Nancy A. Hill.

Entered this 30th day of September, 2011.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge