IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. BEAIRD and
SARA BEAIRD,

                                  ORDER

            Plaintiffs,

                              11-cv-252-bbc

    v.

U.S. XPRESS, INC. and
NANCY A. HILL,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on September 30, 2011, I directed plaintiffs to advise the court of their citizenship and that of defendant Nancy A. Hill, so as to allow the court to determine whether diversity jurisdiction existed. I set a deadline of October 5, 2011 for filing. It is now October 13, 2011 and plaintiffs have filed nothing more than a showing that plaintiff David N. Beaird is a citizen of the Illinois. The citizenship of plaintiff Sara Beaird remains unclarified, as does that of defendant Hill. Therefore, this suit must be dismissed for lack of jurisdiction.

      Even if dismissal were not required, plaintiffs could not maintain this action in this district. Defendants' motion for change of venue would have to be granted because venue

1

is not proper in this court. Plaintiff David Beaird was injured when his semi-tractor was struck by a semi-tractor owned by defendant U.S. Xpress and operated by defendant Hill. He had emergency care at Universal Medical Center in Princeton, New Jersey, but the majority of his medical care was provided at the University of Wisconsin Hospital and Clinics in Madison, Wisconsin.

Federal law restricts the filing of civil actions founded on diversity of citizenship. As a general rule, such an action

> may be brought only in (1) a judicial district in which any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Under this provision, plaintiffs may bring their action only in the District of New Jersey. The Western District of Wisconsin is not a judicial district in which any defendant resides or a judicial district in which a substantial part of the events giving rise to the claim occurred. Plaintiffs point out that defendant U.S. Xpress is subject to personal jurisdiction here, but that fact is irrelevant because they have not shown that there is no other district in which this action could be brought. The District of New Jersey is a district in which the action would be brought; therefore, plaintiffs cannot rely on subsection (3) to establish venue in this district.

2

It is irrelevant to the determination of proper venue whether U.S. Xpress could reasonably anticipate being sued in this district; anticipation of being sued is not one of the grounds upon which venue can be asserted. It is equally irrelevant whether the District of New Jersey would be inconvenient to the parties. Even if it is, it is the only district in which this suit may be brought.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of jurisdiction.

Entered this 12th day of October, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3